UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAMAR ROWELL, | Case No. 3:16-cv-00412-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| NEVADA, STATE OF et al., | |
| Respondents. | |

Petitioner Lamar Rowell has submitted a *pro se* habeas petition styled as a "petition for the appropriate writ/order." Rowell's application to proceed *in forma pauperis* (ECF No. 1) shall be granted.

In this filing, Rowell claims that his state conviction violated his Fourteenth Amendment rights. Accordingly, regardless of what he titles his submission, it is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rowell has, however, previously filed at least one federal habeas petition challenging the same judgment of conviction, 07C235434. 28 U.S.C. § 2244(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244. *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

On September 25, 2013, Rowell's habeas petition challenging the same state judgment of conviction in federal case no. 3:10-cv-00135-LRH-VPC was denied, and judgment was entered (3:10-cv-00135-LRH-VPC, ECF Nos. 55, 56). The instant petition is, therefore, a successive petition, which requires petitioner to seek and obtain leave of the appeals court to pursue. *See* 28 U.S.C. § 2244(b)(3) et seq. Accordingly, Rowell's petition is dismissed with prejudice as successive.

The court also notes that petitioner indicates that he expired the sentence at issue on April 20, 2013 (ECF No. 1-1, p. 5). Thus, he was not in custody pursuant to this judgment of conviction at the time the petition was filed on July 11, 2016, as is required for federal habeas corpus relief. 28 U.S.C. § 2254; *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The custody requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that the Clerk detach and file the petition (ECF No. 1-1) and serve the petition and a copy of this order on respondents.

It is further ordered that the Clerk add Adam Paul Laxalt, Nevada Attorney General, as counsel for respondents.

It is further ordered that the petition is dismissed with prejudice as successive.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 14th day of October 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2